## Commonwealth v. Mixell

*Kevin A. Hess, Assistant District Attorney*, for Commonwealth.
*John McCrea, III*, for petitioner.

WEIDNER, *J.*, December 15, 1975—Petitioner, Merle E. Mixell, Jr., and Sharon K. Mixell were married on April 27, 1974. On September 21, 1974, a child, Christopher E. Mixell, was born to Sharon K. Mixell. Thereafter, Sharon K. Mixell instituted proceedings against petitioner for support and maintenance of this child. On January 10, 1975, petitioner entered into a support agreement whereby he agreed to contribute $20 per week for the support of said child. Subsequently, however, arrearages in these support payments arose.

In July, 1975, petitioner contested his paternity of Christopher and, pursuant to the Uniform Act on Blood Tests to Determine Paternity,* filed the instant petition requesting this court to order appropriate blood grouping tests. A rule to show cause why this petition should not be granted was issued on July 29, 1975. Oral argument was held before this court on October 15, 1975.

Petitioner correctly cites Commonwealth ex rel. Goldman v. Goldman, 199 Pa. Superior Ct. 274, 184 A. 2d 351 (1962), for the principle that, absent factors giving rise to a defense of estoppel, the Uniform Act on Blood Tests is applicable to cases involving children born during wedlock. From this, petitioner principally argues that since the child here was conceived prior to the parties' marriage and subsequent circumstances and/or conduct fail to support an application of estoppel he is, therefore, entitled to raise the issue of paternity, and, as such, this petition should be granted. We cannot agree.

While the fact that a child is born but not conceived during marriage may under certain circumstances be an important element in considering a request for blood grouping tests, in the instant case petitioner married his wife knowing she was

---

*Act of July 13, 1961, P.L. 587, sec. 1, 28 P.S. §307.1.

pregnant and thereby accepted, by strong implication at least, his paternity. More importantly, however, by the support agreement of January 10, 1975, which specifically referred to Christopher as "his child," and by the actual payment of support pursuant thereto, petitioner clearly and affirmatively acknowledged this paternity. We are hard pressed to accept petitioner's suggestion to the contrary. Certainly, nothing prevented him from raising the issue of paternity in January, or at some earlier time. Indeed, he fails to adequately explain why no such action was taken prior to July, 1975.

Considering the above, sufficient factors justify imposition of the doctrine of estoppel as applied to the Uniform Act of Blood Tests to Determine Paternity. See Commonwealth ex rel. Hall v. Hall, 215 Pa. Superior Ct. 24, 257 A. 2d 269 (1969). Accordingly, petitioner is estopped from denying paternity of Christopher E. Mixell and his petition for blood grouping tests is thereby denied.

ORDER

And now, December 15, 1975, based upon the foregoing discussion, the petititon of Merle E. Mixell, Jr., for blood grouping tests is hereby denied.